IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ARCHIE L. HENRY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 3:13-cv-0824 |
| ) | |
| UNITED STATES OF AMERICA, ) | Judge Sharp |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Movant Archie Henry, a federal prisoner presently housed at USP Hazelton in Bruceton Mills, West Virginia, brings this *pro se* action pursuant to 28 U.S.C. § 2255 to set aside, vacate and correct an allegedly illegal sentence and judgment imposed by this Court on August 2, 2012. For the reasons set forth herein, the Court finds that an evidentiary hearing is required regarding the movant's claim that his attorney failed to comply with his request that he file a notice of appeal. As to the movant's other claims, however, the record establishes that the movant is not entitled to relief.

### I.     Factual and Procedural Background

In December 2011, a criminal complaint was filed against Archie Henry and an arrest warrant issued. (Crim. Case. No. 3:12-cr-00008.) The grand jury handed down an indictment on January 11, 2012, charging Henry with being a previously convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924.

On April 9, 2012, Henry entered into a binding plea agreement with the United States and, in conjunction therewith, submitted to the Court a petition to enter a guilty plea, which the Court accepted. In the plea petition and plea agreement, Henry acknowledged that he was charged with being a felon in possession of a firearm and that the maximum penalty for this charge under statute was ten years of imprisonment, a fine of $250,000, and supervised release of three years, *unless* the defendant was found to have at least three previous convictions of either a violent felony or serious drug offense, in which case he would be subject, as a career criminal, to a mandatory minimum prison term of fifteen years imprisonment and up to five years of supervised release.

The plea agreement set forth the federal sentencing guidelines calculations and a recommended offense level of 25, but the agreement also specified that the parties "agree[d] that the sentencing guidelines calculations in this case are moot in light of the sentence which the parties have agreed is the appropriate sentence under Fed. R. Crim. P. 11(c)(1)(C)." (Plea Agreement ¶ 9.) The parties agreed that a prison term of 100 months, to be followed by 3 years of supervised release, was appropriate. (*Id.* ¶ 11.)

Paragraph 8 of the plea agreement sets forth information about the movant's prior criminal history, identifying four previous felony convictions in 2006 and 2009 for attempted aggravated robbery; possession of a controlled substance under .5 grams; possession of less than a half ounce of marijuana; and being a felon in possession of a weapon (state charge). (Plea Agreement ¶ 8.) Based on this history, the parties agreed that "the defendant is likely at least in Criminal History Category V." (*Id.* ¶ 10(b).) The parties further noted that, based on information known at the time they entered the plea agreement, the parties "[did] not believe the defendant qualifie[d] as an Armed Career Criminal." (*Id.* at ¶ 10(b) n.1.) The agreement permitted either party to withdraw from the plea agreement if the presentence report contained information showing that the movant did qualify as an Armed Career Criminal, because the "agreed sentence is substantially below the sentence mandated for an Armed Career Criminal." (*Id.*)

The plea agreement included a waiver of the defendant's right to challenge the sentence of 100 months of incarceration and 3 years of supervised release on direct appeal or in post-conviction proceedings. Specifically, the agreement states:

> Regarding sentence, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence of 100 months incarceration and three years supervised release. Defendant also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c). However, no waiver of the right to appeal, or to challenge the . . . sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel.

(Plea Agreement ¶ 16.)

During the plea hearing conducted on April 9, 2012, the Court questioned Henry closely regarding his understanding of the charge against him, the penalty, and the agreed 100-month sentence. Among other things, Henry confirmed that he was satisfied with the representation he had received from his defense counsel, that he had not been coerced into pleading guilty, and that he understood that by

pleading guilty he waived the right to challenge his 100-month sentence on direct appeal or in a collateral attack. He confirmed that he had been over the petition to enter a guilty plea and the plea agreement with his lawyer, "page for page" and "line by line," and that he fully understood both documents. (Plea Hr'g Tr. at 20.)

The attorneys for the government and for the defendant both stated on the record that they were fairly confident that they had done sufficient investigation to determine what the defendant's criminal history category would be, though they acknowledged a possibility that additional information might surface that could establish that the movant was an armed career criminal for purposes of the Armed Career Criminal Act. The Court accepted the plea while recognizing that either party had the right to withdraw from the agreement if additional information came to light indicating that Henry should be classified as an armed career criminal.

On July 12, 2012, prior to sentencing, Henry filed a motion to withdraw his plea. The basis for his motion was that the presentence report's calculation of his sentencing range under the guidelines was lower than expected: The probation office had concluded that Henry fell into Criminal History Category IV rather than V, yielding a sentencing range of 84 to 105 months instead of the 100 to 120 months the parties had anticipated. However, after that motion was filed but prior to sentencing, the probation office submitted a supplement to the presentence report, which corrected an error in the original presentence report. The supplement recalculated Henry as having 11 criminal history points and therefore falling within Criminal History Category V. Based on that status, the applicable sentencing range was 100 to 125 months (the upper level of which was trumped by the statutory maximum of ten years). Both parties thereafter filed sentencing positions in which they indicated that they had no objection to the finding that Criminal History Category V applied, yielding a sentencing range of 100 to 120 months.

The sentencing hearing was held on July 20, 2012, at which time the Court also considered Henry's still-pending motion to withdraw his plea. Counsel for Henry indicated that his client wanted him to perform additional investigation to confirm whether he was still on probation at the time he was arrested on federal charges (the detail that put him in Criminal History Category V), but the Court indicated that it was not inclined to entertain favorably the motion to withdraw the plea, regardless of whether the record established that Henry was in Criminal History Category IV or V. Henry agreed in

open court to withdraw his motion to withdraw the plea. He stated: "I'm not withdrawing [the plea]. I'm going to go ahead on and sign for the 100 months since it's in the same range. It ain't going to make no difference." (Sentencing Hr'g Tr. at 5.) The Court sentenced Henry to 100 months' incarceration, to be followed by 3 years of supervised release. Judgment was entered on August 2, 2012.

Henry filed his present motion under § 2255 sometime between July 24, 2013 and August 15, 2013.[1] The United States concedes that it is timely.

## II.     The Current Motion

Henry asserts the following claims for relief, all based on the allegedly ineffective assistance of his defense attorney:

(1) that counsel failed to file a notice of appeal, even though Henry specifically asked him to and believed that he had done so;

(2) that counsel failed to investigate Henry's prior convictions, and misled Henry into believing that he was in Criminal History Category V rather than IV and that he might qualify as an Armed Career Criminal for sentencing purposes;

(3) that counsel failed to argue at sentencing that his client did not brandish a gun and therefore should not be subject to a four-level enhancement of his guideline range under § 2K2.1(b)(6)(B);

(4) that counsel failed to argue "as to Government & Attorney's Misbelief as to (U.S.S.G. Cat[e]gory)" (Habeas Petition at 8, Ground Four), and that, as a result, the movant's plea was not knowing and voluntary;

(5) that counsel failed to explain to his client that the plea would include facts outside the indictment and that he would be held responsible for facts not included in the indictment; and

(6) that counsel failed to argue that the United States should not be permitted to use prior *state* convictions to enhance his penalties for a federal crime.[2]

Henry does not seek to withdraw his plea but seeks resentencing under *United States v. Alleyne*,

---

[1] Henry signed and dated his petition July 24, 2013 and verified that it was filed through inmate legal mail on that day. For some reason, the postmark on the envelope is dated August 15, 2013.

[2] The respondent nexplicably failed to articulate or respond to any but the first two claims raised by Henry. Further, the response to those issues is unacceptably cursory.

133 S. Ct. 2151 (2013), and *United States v. Descamps*, 133 S. Ct. 2276 (2013).

**III.     Standard of Review**

To be entitled to relief, a prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the Court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion, a movant "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citation omitted).

As a general rule, any claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows "(1) 'cause' excusing [the] procedural default, and (2) 'actual prejudice' resulting from the errors," *United States v. Frady*, 456 U.S. 152, 168 (1982) (citations omitted), or demonstrates that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). A claim of ineffective assistance of counsel, however, is not subject to the procedural-default rule. *Massaro v. United States*, 538 U.S. 500, 504 (2003). An ineffective-assistance claim may be raised in a collateral proceeding under § 2255 regardless of whether the movant could have raised the claim on direct appeal. *Id.*

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to the effective assistance of counsel during their criminal proceedings, *Missouri v. Frye*, --- U.S. ----, 132 S. Ct. 1399, 1404 (2012); and this right applies to "all 'critical' stages of the criminal proceedings." *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009) (citation omitted). To make out a claim of ineffective assistance of counsel, the movant generally must show both that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

In *Strickland*, the Supreme Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and must avoid the "second-guess[ing of] counsel's assistance . . . , [as] it is all too

easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689. In order to avoid "the distorting effects of hindsight," a reviewing "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action 'might be considered sound trial strategy.'" *Id.* (citation omitted).

Moreover, in evaluating the prejudice prong, courts must be mindful that "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* (citation omitted). Rather, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

To establish that counsel's performance was deficient under *Strickland*, a petitioner "must identify acts that were 'outside the wide range of professionally competent assistance.'" *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (quoting *Strickland*, 466 U.S. at 690). In evaluating whether a petitioner has received counsel that falls short of what the Sixth Amendment guarantees to a defendant, "[i]t will generally be appropriate for a reviewing court to assess counsel's overall performance throughout the case in order to determine whether the 'identified acts or omissions' overcome the presumption that a counsel rendered reasonable professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986) (quoting *Strickland*, 466 U.S. at 690).

IV. Discussion

   A. Alleged Failure to File a Notice of Appeal

Henry asserts that he unequivocally instructed his defense attorney to file a notice of appeal to challenge his sentence; that the attorney failed to do so; and that, based on Sixth Circuit law, a failure to file a notice of appeal upon request constitutes ineffective assistance of counsel without regard to the question of prejudice. The § 2255 motion is dated and signed under penalty of perjury and therefore has

the same effect as a sworn affidavit. 28 U.S.C. § 1746; *see United States v. Davis*, 28 F. App'x 502, 503 (6th Cir. 2002) ("Declarations made under penalty of perjury may be submitted in lieu of affidavits in federal court."). In addition, Henry attached as exhibits to his motion copies of letters allegedly sent to his attorney on July 24, 2012 and September 22, 2012, the first including an unequivocal request that a notice of appeal be filed and the second inquiring about the status of the appeal. The underlying criminal docket shows that no notice of appeal was filed.

Henry's sworn statement and attached letters are clearly sufficient to give rise, at a minimum, to a question of fact as to whether he made a timely request that his attorney file a notice of appeal. In its response memorandum, the government argues only that Henry waived his right to appeal his sentence and that it is well established that a criminal defendant may waive his right to appeal by means of a plea agreement. *See, e.g.*, *United States v. Droganes*, 728 F.3d 580, 586 (6th Cir. 2013); *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). The Court understands the respondent to be arguing that Henry cannot establish that he was prejudiced by counsel's alleged ineffectiveness.

The respondent's argument is beside the point. In the context of a failure to file a notice of appeal, the Supreme Court has recognized that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)). Likewise, the Sixth Circuit has repeatedly held that the "the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *see also Wright v. United States*, 320 F. App'x 421, 426 (6th Cir. 2009) ("Wright claims that he made an express request to his defense counsel to appeal his sentence, and that his counsel ignored this request. If true, this claim amounts to 'a *per se* violation of the Sixth Amendment.'"). Because the failure to comply with a defendant's direct request to file a notice of appeal is a *per se* violation of the Sixth Amendment, prejudice is presumed. *Ludwig*, 162 F.3d at 459. This is so even when, as here, the defendant has entered into a plea agreement waiving his right to appeal. *See, e.g.*, *Carrion v. United States*, 107 F. App'x 545, 546–47 (6th Cir. 2004). In *Carrion*, the district court had dismissed the movant's ineffective-assistance claim based on the defense attorney's failure to file a notice of appeal, because the movant had entered a plea agreement waiving his right to appeal. The appellate court reversed on the

basis of *Ludwig*, holding that the district court had "wrongly concluded that Carrion's appeal waiver precluded him from pursuing an appeal. . . . *Ludwig* and *Roe* are clear: counsel's failure to file a notice of appeal as the defendant requested establishes ineffective assistance of counsel *per se*, irrespective of whether the appeal would be successful." *Carrion*, 107 F. App'x at 547.

A prisoner who files a motion under § 2255 challenging a federal conviction is generally entitled to "a prompt hearing" at which the district court is to "determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. The hearing is mandatory "unless 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Fontaine v. United States*, 411 U.S. 213, 215 (1973) (quoting 28 U.S.C. § 2255(b)). Because Henry has presented evidence which, if true, would establish that he had ineffective assistance of counsel, a hearing is required. If Henry is able to establish that his attorney disregarded his directive to file a notice of appeal, the remedy will be to grant the § 2255 motion for the limited purpose of allowing Henry to take a delayed direct appeal. *Ludwig*, 162 F.3d at 459; *Carrion*, 107 F. App'x at 547.

### B. Failure to Investigate Prior Convictions

Henry argues that his defense attorney failed to investigate his prior convictions and misled him into believing that he was in Criminal History Category V rather than IV and that he might qualify as an armed career criminal for sentencing purposes. This argument is without merit.

As the respondent argues, the plea agreement and plea colloquy establish that neither the prosecutor nor defense counsel believed that Henry should be categorized as an armed career criminal for sentencing purposes. Moreover, the plea agreement indicates that counsel believed at the time the plea agreement was executed and accepted by the Court that the movant's previous convictions would put him in Criminal History Category V. Although the probation office's initial presentence report erroneously reflected only enough points to put Henry in Criminal History Category IV, the probation officer submitted a supplement to her report prior to sentencing, establishing Criminal History Category V, as the parties had anticipated.

At the sentencing hearing, Henry withdrew his motion to withdraw his plea, recognizing both that the agreed-upon sentence of 100 months fell within the guidelines range regardless of whether he fell within category IV or V.

Further, although Henry repeatedly states his belief that he should have been deemed to fall within Criminal History Category IV and that his counsel was ineffective for failing to conduct additional investigation to establish that category, he offers to no evidence suggesting that the presentence report as supplemented contained any errors. Consequently, even if the movant could establish that his attorney was somehow ineffective, he has not shown that he was prejudiced by any purported error.

### C. Failure to Contest Four-Level Enhancement for Brandishing Weapon

Henry argues that his attorney was ineffective for failing to contest the four-level increase in his sentencing offense level under U.S.S.G. § 2K2.1(b)(6)(B) (2011) based on *Alleyne v. United States*, 570 U.S. ----, 133 S. Ct. 2151 (2013). The United States has not responded to this claim.

Nonetheless, the Court finds that *Alleyne* has no application here. In that case, the Supreme Court extended *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to require that any fact that increases a mandatory minimum sentence is an element of the offense that must be found by a jury. *Alleyne*, 133 S. Ct. at 2155. Here, Henry appears to be arguing that his sentencing violated *Alleyne* because his guidelines range was enhanced by this Court's finding under § 2K2.1(b)(6) that Henry possessed a firearm in connection with another felony offense. A finding under § 2K2.1(b), however, does not increase a mandatory minimum sentence. Instead, it is used to determine the advisory range of punishment within the guidelines sentencing range. *Cf. United States v. Rodgriguez*, --- F. App'x ----, 2014 WL 968841, at *1 (5th Cir. March 13, 2014) (holding that *Alleyne* and *Apprendi* did not apply where the defendant was sentenced under the ten-year mandatory maximum applying to firearm violations, irrespective of the enhancement applied under U.S.S.G. § 2K2.1(b)).

Moreover, even if that were not the case, Henry admitted the truth of the facts articulated by the United States during the plea hearing, specifically admitting that he "possessed [a] revolver [and] that he brandished it while threatening to kill TC." (Plea Hr'g Tr. at 19; *see id.* at 19–20 (confirming to the Court that he did "the things [the U.S. Attorney] said [he] did").) *Alleyne* therefore does not apply. *United States v. Yancy*, 725 F.3d 596, 601 (6th Cir. 2013).

The movant is not entitled to relief on the basis of this claim.

### D. Failure to Argue "as to Government & Attorney's Misbelief as to (U.S.S.G. Cat[e]gory)" (Habeas Petition at 8, Ground Four)

In his fourth ground for relief, the movant appears to be arguing that defense counsel was ineffective and failed to ensure that the plea was knowing and voluntary, because counsel misrepresented to the movant that a 100-month sentence was the lowest he could receive under the guidelines because he was at least a Criminal History Category V. Henry insists this was incorrect because he actually should have been classified as within Criminal History Category IV.

This claim is essentially duplicative of Claim 2 regarding the failure to investigate prior convictions. Henry's motion does not contain any allegations of fact substantiating his claim that he should be classified under Criminal History Category IV instead of V. He has not established any misrepresentation by counsel or prejudice resulting from counsel's representation to him that he was in category V. The supplement to the presentence report established that he was in category V.

Moreover, the record fully establishes that the plea was knowing and voluntary. The purpose of Rule 11 of the Federal Rules of Criminal Procedure is "to assist the district count in determining whether a defendant's guilty plea is truly voluntary and to produce a complete record of the factors relevant to this determination." *United States v. Gardner*, 417 F.3d 541, 544 (6th Cir. 2005); *see McCarthy v. United States*, 394 U.S. 459, 464 (1969) ("Rule 11 expressly directs the district judge to inquire whether a defendant who pleads guilty understands the nature of the charge against him and whether he is aware of the consequences of his plea."). Based on the Rule 11 colloquy conducted in this case, Henry plainly cannot secure relief. As set forth in the discussion of the procedural background in this case, this Court carefully and deliberately proceeded through the Rule 11 colloquy with the movant. (*See* Plea Hr'g Tr. at 4–16, 19–21.) The sworn colloquy established the plea as knowing, counseled, intelligent, and voluntary.

The movant is not entitled to relief on the basis of this claim.

### E. Failure to Explain that the Plea Would Include Facts Outside the Indictment

In Ground Five, the movant appears to assert that the indictment was fatally defective because it failed to set forth all the elements of the offense with which he was charged, in violation of *Alleyne*, and that counsel was ineffective for failing to object to the indictment on this basis.

This claim is without merit because the indictment did not violate *Alleyne* and, as set forth above,

Henry's sentencing did not implicate *Alleyne* because he was sentenced below the statutory sentencing cap of ten years. The petitioner is not entitled to relief on the basis of this claim.

### F. Failure to Argue that Prior State Conviction Could Not Be Used to Enhance Penalty

In Ground Six of his motion, Henry argues that defense counsel was ineffective for failing to insist that the movant's prior state convictions be listed in the indictment before he accepted a plea, and failing to argue "that the district court should look to the state statutes prior to using a state prior conviction." (ECF No. 1-1, at 17.) He insists, further, that "the government should never be allowed to use a state prior conviction, ever." (*Id.*)

Henry cites *Descamps v. United States*, 570 U.S. ----, 133 S. Ct. 2276 (2013), in support of this claim. *Descamps* concerned the classification of prior felonies as "violent" within the meaning of the Armed Career Criminal Act, 18 U.S.C. § 924(e). Henry was not sentenced as an armed career criminal under the Armed Career Criminal Act, and *Descamps* has no application in his case. There is no dispute that Henry actually was convicted of the previous felonies listed in his presentence report for purposes of calculating his criminal history points under the guidelines, and the question of whether they were violent felonies or "serious drug offenses," 18 U.S.C. § 924(d)(1), is irrelevant. The Supreme Court has recognized that enhancing a defendant's sentence on the basis of prior felony convictions, whether state or federal, does not implicate the Sixth Amendment. *See United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005) ("*Apprendi* does not require the nature or character of prior convictions to be determined by a jury. In *Apprendi*, the Supreme Court expressly excepted the fact of a prior conviction from the rule requiring issues of fact that increase a defendant's penalty to be submitted to the jury.").

Moreover, Henry also cannot show that he was prejudiced by any alleged failure on the part of his attorney because, by pleading guilty, he agreed that he had gone over the plea petition and plea agreement with his counsel prior to appearing in Court and that he had no questions about and did not object to any part of those documents. The plea agreement specifically enumerated the prior felony convictions that were on Henry's record.

He is not entitled to relief on the basis of this claim.

### V. Conclusion

The Court finds that the movant is not entitled to relief on the basis of any of the grounds for relief

asserted *except* with respect to his claim that he was denied the effective assistance of counsel because counsel failed to file a notice of appeal despite an unequivocal and timely request that he do so.

Further, because an evidentiary hearing is required regarding that claim, Henry is entitled to be represented by counsel at such a hearing. Rule 8(c), Rules Gov'g § 2255 Cases. An appropriate order will enter, setting this matter for a hearing and directing the appointment of counsel for Archie Henry.

An appropriate order will enter.

_____
Kevin H. Sharp
United States District Judge