IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ARCHIE L. HENRY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 3:13-cv-0824 |
| ) | |
| UNITED STATES OF AMERICA, ) | Judge Sharp |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the Court is movant Archie Henry's claim in his motion under 28 U.S.C. § 2255 that the sentence imposed by this Court on August 2, 2012 should be set aside, vacated and corrected on the basis that his trial attorney was constitutionally ineffective. Specifically, the movant maintains that his attorney failed to comply with Mr. Henry's express request that he file a notice of appeal. The Court previously entered a memorandum and order dismissing the movant's other claims in his *pro se* motion for habeas relief under § 2255, but appointing counsel and setting an evidentiary hearing to resolve disputed issues of fact as to this single claim.

A.  **Factual Background**

The evidentiary hearing was conducted on October 22, 2014. Archie Henry and his previous counsel, Michael Holley, both testified at the hearing. Mr. Henry testified as to his recollection regarding his submission of a plea petition to this Court, in which he pleaded guilty to the charge of being a previously convicted felon in possession of a firearm. The plea petition was governed by a plea agreement between Mr. Henry and the United States. In the plea petition and plea agreement, which were submitted by the United States in response to Mr. Henry's motion and which were expressly cross-referenced by counsel for Mr. Henry at the evidentiary hearing, the movant acknowledged that he was charged with being a felon in possession of a firearm and that the maximum penalty for this charge under statute was ten years of imprisonment, a fine of $250,000, and supervised release of three years, unless he was found to have at least three previous convictions of either a violent felony or serious drug offense, in which case he would be subject, as a career criminal, to a mandatory minimum prison term of fifteen

years' imprisonment and up to five years of supervised release.

Based on Mr. Henry's criminal history, the parties agreed that "the defendant is likely at least in Criminal History Category V." (Plea Agreement, ECF No. 13-2, ¶ 10(b).) The parties further noted that, based on information known at the time they entered the plea agreement, the parties "[did] not believe the defendant qualifie[d] as an Armed Career Criminal." (*Id.* at ¶ 10(b) n.1.) The agreement permitted either party to withdraw from the plea agreement if the presentence report contained information showing that the movant qualified as an Armed Career Criminal, because the "agreed sentence is substantially below the sentence mandated for an Armed Career Criminal." (*Id.*) Also based on Mr. Henry's criminal history, the parties believed that Mr. Henry would be at a recommended offense level of 25 under the federal sentencing guidelines. However, the parties further "agree[d] that the sentencing guidelines calculations in this case are moot in light of the sentence which the parties have agreed is the appropriate sentence under Fed. R. Crim. P. 11(c)(1)(C)." (Plea Agreement ¶ 9.) The parties agreed that a prison term of 100 months, to be followed by 3 years of supervised release, was appropriate. (*Id.* ¶ 11.) Notably, the plea agreement included a waiver of the defendant's right to challenge a sentence of 100 months of incarceration and 3 years of supervised release on direct appeal or in post-conviction proceedings. (*Id.* ¶ 16.)

After Mr. Henry entered the plea petition, the probation office issued a presentence report. The presentence report's calculation of Mr. Henry's sentencing range under the guidelines was lower than parties expected: The probation office initially concluded that Henry fell into Criminal History Category IV rather than V, yielding a sentencing range lower than the 100 to 120 months the parties had anticipated. Based on that calculation, Mr. Henry, through counsel, filed a motion to withdraw his plea. The United States filed its response in opposition to the motion, and the Court set a hearing on the motion to coincide with the sentencing hearing. Prior to the hearing, however, the probation office supplemented the presentence report, finding that Mr. Henry actually did fall in Category V. Mr. Henry then filed a sentencing position paper in which he expressly stated that, "in light of the TOMIS report provided by the Probation Office . . . , he does not object to the sentencing guidelines range as calculated in the supplement to the Presentence Report, i.e., 100 to 120 months." *United States v. Henry*, No. 3:12-cr-00008 (M.D. Tenn. July 19, 2012).

The joint hearing on the motion to withdraw and sentencing was held on July 20, 2012. Counsel for Mr. Henry indicated that his client wanted him to perform additional investigation to confirm whether he was still on probation at the time he was arrested on federal charges (the detail that put him in Criminal History Category V), but the Court indicated that it was not inclined to entertain favorably the motion to withdraw the plea, regardless of whether the record established that Mr. Henry was in Criminal History Category IV or V. Mr. Henry agreed in open court to withdraw his motion to withdraw the plea. He stated: "I'm not withdrawing [the plea]. I'm going to go ahead on and sign for the 100 months since it's in the same range. It ain't going to make no difference." (Sentencing Hr'g Tr. at 5.) The Court sentenced him to 100 months' incarceration, to be followed by 3 years of supervised release. Judgment was entered on August 2, 2012.

During the evidentiary hearing on the § 2255 motion, Mr. Henry testified that his attorney went over every part of the plea petition and plea agreement with him, and that Mr. Holley explained the provision in the plea agreement concerning the waiver of appellate rights. Mr. Henry also testified that he agreed to withdraw his motion to withdraw the plea because his attorney specifically told him that he (defense counsel) had gone to law school with the prosecuting attorney, Sunny Koshi, and that Mr. Henry should go ahead and enter the plea agreement, because he could later challenge the judgment on appeal. The movant implied that his attorney assured him that his chances of prevailing on appeal were quite good. Mr. Henry also testified that he very specifically directed his attorney, at the close of the sentencing hearing, to file a notice of appeal.[1]

Mr. Michael Holley testified that he represented Mr. Henry during the plea proceedings and sentencing, that Mr. Henry did not direct him to file a notice of appeal, and that he would have filed a notice of appeal if he had been so instructed. Hr. Holley also testified, unequivocally, that he did not attend law school with Mr. Koshi and that he would never have suggested to Mr. Henry that he should withdraw his motion to withdraw the plea and take his chances by appealing the judgment instead, particularly in light of the plea agreement's waiver of appeal rights. Mr. Holley testified that he carefully

---

[1] In his motion, Mr. Henry stated that he wrote his attorney two letters inquiring about the appeal, and attached copies of the letters to his motion. He was not asked about these letters at the hearing, but his trial counsel, Mr. Holley, testified that he did not receive any letters from Mr. Henry inquiring about the appeal. Mr. Holley said that the only post-judgment communication he received from Mr. Henry involved a request for a copy of the transcript of the testimony given before the grand jury that indicted Mr. Henry.

explained to his client the effect of the appeal waiver, which barred a direct appeal or post-conviction challenge to the sentence if the movant was sentenced to the agreed term of 100 months' incarceration.

The Court finds Mr. Holley's testimony to be more credible than the movant's on the issue of whether the movant requested that Mr. Holley file a notice of appeal. In particular, Mr. Henry's statements that Mr. Holley told him he went to law school with Mr. Koshi and that Mr. Holley recommended to him to withdraw the motion to withdraw the plea petition because he could just appeal instead are simply not believable under the circumstances presented here, and these statements undermined the remainder of Mr. Henry's testimony. The Court further notes that Mr. Henry did not address the impact of the probation office's supplement to the presentence report on his decision whether to withdraw his motion to withdraw the plea; he also did not attempt to substantiate the allegation in his motion that he mailed letters to Mr. Holley inquiring about his appeal.

## II.     Legal Standards

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to the effective assistance of counsel during their criminal proceedings, *Missouri v. Frye*, 566 U.S. ----, 132 S. Ct. 1399, 1404 (2012); and this right applies to "all 'critical' stages of the criminal proceedings." *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009) (citation omitted). To make out a claim of ineffective assistance of counsel, the movant generally must show both that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

Moreover, as the Court emphasized in the initial memorandum filed in this matter, the Supreme Court has recognized that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)). The Sixth Circuit has repeatedly held that the "the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment," irrespective of the question of prejudice. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). This is the law even when, as here, the defendant has entered into a plea agreement waiving his right to appeal. *See, e.g.*, *Carrion v. United States*, 107 F. App'x 545, 546–47 (6th Cir. 2004) (holding that the district court had "wrongly concluded that Carrion's

appeal waiver precluded him from pursuing an appeal. . . . *Ludwig* and *Roe* are clear: counsel's failure to file a notice of appeal as the defendant requested establishes ineffective assistance of counsel *per se*, irrespective of whether the appeal would be successful.").[2]

### III. Legal Conclusion

Because the Court has found as a factual matter that Mr. Henry did not expressly instruct his attorney to file a notice of appeal, it follows that Mr. Henry cannot show that his counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. Mr. Henry has not established a violation of his Sixth Amendment right to the effective assistance of counsel.

The movant is not entitled to relief on the basis of his claim that he was denied the effective assistance of counsel. The Court will therefore deny and dismiss this claim, and dismiss this matter in its entirety.

### IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a § 2255 motion may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2255 Proceedings requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Under the standard articulated in *Miller-El*, the Court finds that none of the claims raised in Mr. Henry's petition merits further review. He cannot establish entitlement to relief as to Claim 1 as a factual matter. The Court previously found Claims 2 through 6 to be patently without merit. Because the movant

---

[2] Based on this unequivocal precedent, the Court finds that the respondent's argument, which was reprised during the hearing, that the movant cannot establish prejudice even if he were able to establish that counsel was ineffective, is patently beside the point and borders on the spurious.

has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court will deny a COA.

An appropriate order is filed herewith.

_____
Kevin H. Sharp
United States District Judge